# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2008

Charles R. Fulbruge III
Clerk

No. 08-50138
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JESUS JOSE VELA-MELENDEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:07-CR-199-3

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jesus José Vela-Melendez appeals from his conditional guilty plea conviction for aiding and abetting possession with intent to distribute 100 kilograms or more of marijuana. He argues that the district court erred in denying his motion to suppress statements he made to authorities both at the time he was detained by authorities and after he signed a Miranda[1] waiver. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

specifically asserts that his statements at the time of his detention were not unsolicited and that his post-waiver confession was involuntary because it was induced by a promise of help from a federal agent.

The voluntariness of a defendant's statement is reviewed de novo, but the district court's factual findings underlying the voluntariness determination are reviewed for clear error. United States v. Bell, 367 F.3d 452, 460-61 (5th Cir. 2004). This court must view the evidence in the light most favorable to the prevailing party and must take into account the totality of the circumstances surrounding the interrogation. United States v. Chapa-Garza, 62 F.3d 118, 121 (5th Cir. 1995). "Where a district court's denial of a suppression motion is based on live oral testimony, the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witness." United States v. Santiago, 410 F.3d 193, 197 (5th Cir. 2005).

Vela-Melendez has not shown that his post-waiver confession was involuntary. Viewing the evidence in the light most favorable to the Government, there was no promise of help by a federal agent to Vela-Melendez. Because Vela-Melendez's post-waiver confession was properly found to be admissible, any error in failing to suppress his statements at the time he was detained was harmless. United States v. Clay, 408 F.3d 214, 221 (5th Cir. 2005); Chapa-Garza, 62 F.3d at 122 n.3.

Accordingly, the district court's judgment is AFFIRMED.